NEW JERSEY ANNUAL CONFERENCE OF FIRST EPISCO-
PAL DISTRICT OF THE AFRICAN METHODIST EPIS-
COPAL CHURCH, PLAINTIFF-RESPONDENT, v. O. E.
LATTIMORE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 12, 1949—Decided February 17, 1950.

Before Judges McGEEHAN, COLIE and EASTWOOD.

*Mr. Robert S. Hartgrove* argued the cause for defendant-appellant.

*Mr. Joseph Steiner* argued the cause for plaintiff-respondent (*Mr. David Silver,* attorney).

The opinion of the court was delivered by

McGEEHAN, S. J. A. D.  Defendant appeals from an order of the Superior Court, Chancery Division, entered September 23, 1949, which adjudged him guilty of contempt.  The contempt was the violation of an order made on August 26, 1949, directing the defendant "to forthwith and immediately vacate the parsonage consisting of a two story frame building adjoining the church edifice known as" Mt. Zion African Methodist Episcopal Church, Plainfield, New Jersey (hereinafter referred to as the Plainfield church), "said parsonage being described as 523 West 4th Street, Plainfield, New Jersey."

A preliminary question is presented.  Defendant does not attack the finding in the order under appeal that he vio-

lated the order of August 26, 1949, but attacks the order of August 26, 1949, on the ground that the court had no jurisdiction to make such order. The plaintiff argues that the defendant is precluded from making an attack on the order of August 26, 1949, because no appeal was taken from such order. *Dodd v. Una,* 40 *N. J. Eq.* 672 (*E. & A.* 1885) is to the contrary. In that case the appeal was from an order adjudging the defendant in contempt, and it was held that the jurisdiction of the court to make the order alleged to have been disobeyed may be questioned on such an appeal.

The Plainfield church, which is incorporated, is a member of the plaintiff in the main suit, the New Jersey Annual Conference of the First Episcopal District of the African Methodist Episcopal Church (hereinafter referred to as the Conference). The record title to the parsonage premises is in the Plainfield church. Prior to May 8, 1949, the defendant was pastor of the Plainfield church, by virtue of an assignment made by the presiding bishop of the Conference. At a duly constituted session of the Conference on May 8, 1949, the presiding bishop assigned the defendant to a church in New Brunswick, and assigned the Reverend Ward in his place and stead as pastor of the Plainfield church. The defendant refused to accept the assignment as pastor of the New Brunswick church. The main suit was instituted May 13, 1949, and the plaintiff therein sought and, on May 31, 1949, obtained an injunction *pendente lite* which restrained the defendant from acting as pastor of the Plainfield church and from interfering with the pastoral duties of Reverend Ward as pastor of the Plainfield church, or of any other persons who may be designated pastor by the presiding bishop of the Conference.

On July 22, 1949, one Reverend Lawrence B. Buchanan filed his verified petition, entitled in the cause, alleging that he is a duly ordained minister and was assigned by the presiding bishop of the Conference to take over pastoral charge of the Plainfield church as of June 19, 1949; that adjoining the church edifice is a two-story frame parsonage, which is presently occupied by the defendant although the said par-

sonage is the property of the Plainfield church; that the petitioner was informed that a letter was forwarded to the defendant requesting him to vacate the parsonage; and that petitioner's duties are being interfered with by reason of the fact that the defendant is occupying the said parsonage. It alleged that the defendant had been served with the injunction *pendente lite* of May 31, 1949, and that "the said defendant has failed and refuses to vacate said parsonage, and by doing so the order of this court has not been obeyed in that the pastoral duties of your petitioner are being greatly hampered and interfered with within the true meaning and purport of the order made by this court on May 31st, 1949." It prayed that the defendant should show cause why he should not be directed to vacate the parsonage and why he should not be adjudged in contempt for disobeying the order of May 31, 1949. An order to show cause issued on this petition, and on August 26, 1949, the order under attack was made. Thereafter, on a further petition of the Reverend Buchanan, the order of September 23, 1949, which is under appeal, was entered.

█ The jurisdiction of the court to interfere in the use of temporal church property by injunction depends upon the unlawful infringement of some property right of pecuniary value and of a character redressible in the civil courts. *Everett v. Trustees of First Presbyterian Church,* 53 *N. J. Eq.* 500 (*Ch.* 1895). In the *Everett case,* in which the bill for injunction involved possession of a parsonage, the court said:

"It is not a sacred building like a church edifice, but is, properly speaking, an endowment or source of pecuniary revenue to aid in support of the worship in the church proper. Its use is not spiritual, but temporal. Though it is ordinarily used as a residence for the pastor, there is nothing in its character or ownership to prevent its being used for other purposes as circumstances may render it profitable or beneficial. It follows that the only property right, legal or equitable, which any individual can have in such manse must be acquired either by a lease or grant from its legal or equitable owner—in this case the parish meeting or the trustees—or from the enjoyment, in common with other members of the society, of the benefit of the pecuniary income derived from its occupation."

■ Neither the plaintiff in the main suit nor the Reverend Buchanan, the petitioner in the contempt proceedings, asserted any property right in the premises; Reverend Buchanan did not claim to be a member of the congregation; and no member of the congregation was made a party plaintiff or party petitioner. Since no one asserting any property right, legal or equitable, was joined as party plaintiff or party petitioner, there was no one before the court who had any standing to question the use of this property of the church; consequently, the court lacked jurisdiction to make the order of August 26, 1949. *Everett v. Trustees of First Presbyterian Church,* above; *Cf. Skinner v. Holmes,* 133 *N. J. Eq.* 593 (*Ch.* 1943).

The judgment is reversed.